UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HARRY WILLIAM PELHAM HESLOP,

    Plaintiff,

v.                                                  Case No. 8:13-cv-944-T-24 MAP

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL, ET AL.,

    Defendants.
_____/

## ORDER

This cause comes before the Court on Defendants' Motion to Dismiss.[1] (Doc. No. 18). Plaintiff opposes the motion. (Doc. No. 19). As explained below, the motion is granted.

**I. Background**

Plaintiff alleges the following in his complaint (Doc. No. 1): Plaintiff Harry Heslop is a citizen of the United Kingdom. He became a lawful permanent resident of the United States on November 2, 2005. He obtained this status by being classified as an alien entrepreneur, pursuant to 8 U.S.C. § 1153(b)(5), which required that he enter the United States for the purpose of engaging in a new commercial enterprise that would create at least ten full-time jobs for the United States.

On October 29, 2007, Plaintiff filed a Form I-829, Petition by Entrepreneur to Remove

---

[1] Plaintiff has sued the following defendants: Eric Holder, United States Attorney General; Janet Napolitano, Secretary of the Department of Homeland Security; Alejandro Mayorkas, Director of the United States Citizenship and Immigration Service ("USCIS"); Ruth Dorochoff, District Director, Tampa District, USCIS; Leslie Meeker, Acting Tampa Field Office Director, USCIS. The Court refers to Defendants collectively as USCIS.

Condition on his Residence. On September 16, 2009, USCIS denied Plaintiff's petition, finding that he failed to demonstrate that he created or would soon create the requisite full-time employment positions.

On January 25, 2010, Plaintiff filed Form I-290B, appealing USCIS's denial of his petition. Plaintiff contends that he submitted evidence showing that thirteen employees were paid during the third quarter of 2007, and thus, he showed that he met the requirement of employing ten full-time employees. On December 15, 2010, appellate review resulted in the prior decision being vacated, but the denial of his petition remained.[2] The appellate decision concluded that Plaintiff had failed to submit evidence that he had ten full-time employees; instead, he only submitted evidence of two full-time employees. As such, the appellate decision states the following:

> [The evidence submitted regarding the third quarter of 2007] indicates 13 employees received wages, tips, or other compensation for this period. It appears the required minimum 10 employees were hired in the last quarter of 2007, [in] an attempt to qualify the I-829 for approval.
> \* \* \*
> [T]he evidence of record does not appear to support this claim [of meeting the ten full-time employee requirement]. . . . [P]etitioner has submitted evidence of only 2 full-time employees.
> \* \* \*
> The petitioner has not submitted evidence sufficient to demonstrate that the job creation requirement has been met or will be met in a reasonable amount of time. Over two years had passed between the approval of the I-526 petition and the submission of the Form I-829 to remove conditions. The employment creation/maintenance should have been substantially completed within that time. The petitioner is clearly ineligible for the requested benefit under 8 CFR, Part 216.6.

---

[2]Plaintiff's complaint refers to the December 15, 2010 decision as being attached as an exhibit, but it was not attached in full. Defendants have attached the decision to their response brief. (Doc. No. 18-1).

2

> . . . In view of the above, the Petition by Entrepreneur to Remove the Conditions remains denied.

(Doc. No. 18-1). Plaintiff contends that once the prior decision was vacated by the December 15, 2010 decision, he had been a lawful permanent resident for more than five years (from November 2, 2005 through December 15, 2010).

On March 15, 2010, Plaintiff married a U.S. citizen. Thereafter, Plaintiff filed an application to adjust his status based on his marriage to a U.S. citizen, which was approved on May 18, 2011.

On November 11, 2011, Plaintiff filed Form N-400, Application for Naturalization ("the Application"). In the eligibility section, Plaintiff checked the box that he was eligible for naturalization based on his being a lawful permanent resident of the United States for at least five years. On August 2, 2012, USCIS denied the Application, stating:

> A person may only be naturalized if he or she was granted resident status in accordance with the immigration laws, and not if [the] status was obtained by mistake, fraud, or otherwise not in compliance with the law. You were accorded conditional resident status pursuant to the Employment Creation immigrant visa category under INA Sec. 203(b)(5). To qualify under this immigrant visa category, an alien . . . must create at least ten full-time jobs for the United States. A review of your file reflects that you did not create the required number of full time jobs[;] thus your admission to the United States on November 02, 2005 was not in accordance with all applicable provisions of the INA. Therefore, you did not maintain a continuous resident status within the United States from November 02, 2005 until your date of admission for permanent residence as the spouse of [a] United States citizen on May 18, 2011.
>
> . . . [Y]ou did not maintain a resident status for the time period reflected above and your admission for permanent residence did not comply with the provisions set forth in the INA. The date for which you have maintained permanent resident status for naturalization purposes is now May 18, 2011 (date of admission as the spouse of a US citizen IR6).

> Therefore, as of November 10, 2011, the date of receipt of your N-400 application, you had continuously resided in the United States after admission for permanent residence for only 5 months and 23 days. The law requires that in order to be eligible for naturalization the applicant must have resided in the United States continuously for five years after having been lawfully admitted for permanent residence. Applicants who are also the spouse of a United States citizen may be eligible for citizenship after three years of continuous residence in the United States following admission for permanent residence provided the applicant has been living in marital union with the citizen spouse for all of that time. You have not met these requirements and are therefore ineligible for citizenship at this time.

(Doc. No. 5-2). On August 24, 2012, Plaintiff requested a hearing regarding the Application. On January 2, 2013, the USCIS reaffirmed the decision to deny the Application.

As a result of the above, Plaintiff asserts two claims against Defendants. First, Plaintiff asserts a claim for a violation of the Immigration and Nationality Act ("INA") and review of the denial of his Application under 8 U.S.C. § 1421(c). Second he asserts a claim for a violation of the Administrative Procedures Act ("APA"). In response, Defendants filed the instant motion to dismiss.

## II. Motion to Dismiss

Defendants move to dismiss both claims, arguing that: (1) Plaintiff fails to state a claim for a violation of the INA; and (2) Plaintiff cannot assert a claim for a violation of the APA, because he has an adequate remedy under the INA. Accordingly, the Court will address each argument.

### A. Violation of the INA

Plaintiff requests that this Court conduct a *de novo* review of the denial of his Application

for Naturalization, pursuant to 8 U.S.C. § 1421(c)[3], and find that Defendants have unlawfully denied the Application. In response, Defendants argue that Plaintiff fails to state a claim for a violation of the INA, because Plaintiff cannot show that he is eligible to be naturalized.

### 1. Standard of Review

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)). The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007)(citation omitted). As such, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citation omitted). While the Court must assume that all of the allegations in the complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level." Id. (citation omitted). The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations. See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

---

[3]Section 1421(c) provides the following: "A person whose application for naturalization . . . is denied . . . may seek review of such denial before the United States district court for the district in which such person resides in accordance with chapter 7 of title 5. Such review shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application."

**2. Analysis of Plaintiff's INA Claim**

Plaintiff contends that he is eligible for naturalization, because he meets all of the requirements for naturalization, including residing in the United States for at least five years as a lawful permanent resident. See 8 U.S.C. § 1427(a). However, Plaintiff acknowledges that on May 18, 2011, his status was changed to that of a lawful permanent resident based on his marriage to a U.S. citizen. Pursuant to 8 U.S.C. § 1186a(a)(1), he obtained permanent resident status on a conditional basis due to his marriage. In order for the conditional nature of his status to be removed, Plaintiff must file a petition to remove the condition within 90 days prior to the second anniversary of his obtaining lawful permanent residency based on his marriage. See 8 U.S.C. § 1186a(c)(1) & (d)(2)(A). Plaintiff has not alleged in his complaint that the condition has been removed, and the Court will not simply assume that it has been removed.

Defendants argue that because the conditional nature of Plaintiff's permanent resident status has not been removed, he is not eligible for naturalization. In support of this argument, Defendant cites Abghari v. Gonzalez, 596 F. Supp.2d 1336 (C.D. Cal. 2009). In Gonzalez, the court stated that it could not "find, as a matter of law, that USCIS is obligated to approve a naturalization application before the conditions have been removed from the applicant's status." Id. at 1350-51.

Plaintiff completely ignores this argument in his response brief and instead focuses on the fact that he has resided in the United States for more than five years (since November of 2005). Even accepting Plaintiff's contention that he has resided in the United States for more than five years after being lawfully admitted,[4] he has not cited any authority that would allow the Court to find

---

[4] Furthermore, the Court notes that if Plaintiff's conditional status was removed, there would still be an issue regarding whether he resided in the United States for at least five years *after being lawfully admitted*. USCIS determined that Plaintiff did not meet the requirements

that he is eligible for naturalization given his conditional status as a permanent resident based on his marriage. As such, the Court finds that Plaintiff fails to state a claim for a violation of the INA, because he has not alleged that his conditional status has been removed. Therefore, this claim must be dismissed.

### B. Violation of the APA

Plaintiff also asserts a claim for a violation of the APA, alleging that the denial of the Application for Naturalization was arbitrary, capricious, an abuse of discretion, and not in accordance with the law. As such, he asks the Court to set aside the denial of his Application and to grant him citizenship. In response, Defendants argue that Plaintiff cannot assert a claim for a violation of the APA, because Plaintiff has an adequate remedy at law under the INA, specifically, review under 8 U.S.C. § 1421(c). Defendants are correct.

Courts have held that because there is an adequate remedy under § 1421(c), an APA claim seeking similar relief must be dismissed. See Khawaja v. Mueller, 2012 WL 1857849, at *6 (S.D. Tx. May 21, 2012); Lezzar v. Heathman, 2012 WL 4867696, at *6 n.10, *9 (S.D. Tx. Oct. 11, 2012);

---

for having his conditional status removed when his permanent resident status was based on being an alien entrepreneur (because he did not create ten full-time employment positions). At that point, USCIS was required to terminate Plaintiff's permanent resident status, and that determination could have been challenged in a removal proceeding. See § 1186b(c)(3). Based on USCIS's determination that Plaintiff did not meet the alien entrepreneur requirements, USCIS determined that Plaintiff was not lawfully admitted into the United States during the time that he resided here as an alien entrepreneur. Therefore, if Plaintiff cannot show that he met the requirements for being an alien entrepreneur, including creating ten full-time employment positions, then he would not be able to show that his time in the United States from November 2, 2005 through May 18, 2011 (the date he became a lawful permanent resident based on marriage) counts towards the requirement that he reside in the United States *after being lawfully admitted* for at least five years. See Gonzalez, 596 F. Supp.2d at 1347 n.8 (stating that in order to be found to have resided in the United States after being lawfully admitted, "the alien must have both obtained lawful permanent residen[ce] and be legally entitled to that status, *i.e.*, that the status be obtained and maintained lawfully").

see also Bowen v. Massachusetts, 487 U.S. 879, 903 (1988)(stating that "[w]hen Congress enacted the APA to provide a general authorization for review of agency action in the district courts, it did not intend that general grant of jurisdiction to duplicate the previously established special statutory procedures relating to specific agencies"); Alsamir v. United States Citizenship and Immigration Services, 2007 WL 1430179, at *2 (D. Col. May 14, 2007)(stating that the availability of an adequate remedy under § 1447(b) of the INA precluded an APA claim). Accordingly, the Court dismisses Plaintiff's claim for a violation of the APA.

### III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Defendants' Motion to Dismiss (Doc. No. 18) is **GRANTED**. The Clerk is directed to enter judgment in favor of Defendants and to **CLOSE** this case.

**DONE AND ORDERED** at Tampa, Florida, this 12th day of February, 2014.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record