UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HARRY WILLIAM PELHAM HESLOP,

    Plaintiff,

v.                                                             Case No. 8:13-cv-944-T-24 MAP

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL, ET AL.,

    Defendants.
_____/

## **ORDER**

This cause comes before the Court on Plaintiff's Motion for Reconsideration and Stay of Proceedings. (Doc. No. 23). Defendants oppose the motion. (Doc. No. 24). As explained below, the motion is denied.

## **I. Background**

Plaintiff alleges the following in his complaint (Doc. No. 1): Plaintiff Harry Heslop is a citizen of the United Kingdom. He became a lawful permanent resident of the United States on November 2, 2005. He obtained this status by being classified as an alien entrepreneur, pursuant to 8 U.S.C. § 1153(b)(5), which required that he enter the United States for the purpose of engaging in a new commercial enterprise that would create at least ten full-time jobs for the United States. Thereafter, Plaintiff file a petition to remove the conditional status of his residency, but his petition was denied because he failed to demonstrate that he created or would soon create the requisite full-time employment positions.

On March 15, 2010, Plaintiff married a U.S. citizen. Thereafter, Plaintiff filed an application to adjust his status based on his marriage to a U.S. citizen, which was approved on

May 18, 2011.  On November 11, 2011, Plaintiff filed Form N-400, Application for Naturalization ("the Application").  In the eligibility section, Plaintiff checked the box that he was eligible for naturalization based on his being a lawful permanent resident of the United States for at least five years.  On August 2, 2012, USCIS denied the Application, stating that:

> A review of your file reflects that you did not create the required number of full time jobs[;] thus your admission to the United States on November 02, 2005 was not in accordance with all applicable provisions of the INA. Therefore, you did not maintain a continuous resident status within the United States from November 02, 2005 until your date of admission for permanent residence as the spouse of [a] United States citizen on May 18, 2011.
>
>       *  *  *
>
> The date for which you have maintained permanent resident status for naturalization purposes is now May 18, 2011 (date of admission as the spouse of a US citizen IR6).
>
> Therefore, as of November 10, 2011, the date of receipt of your N-400 application, you had continuously resided in the United States after admission for permanent residence for only 5 months and 23 days. The law requires that in order to be eligible for naturalization the applicant must have resided in the United States continuously for five years after having been lawfully admitted for permanent residence. . . . You have not met these requirements and are therefore ineligible for citizenship at this time.

(Doc. No. 5-2).  On August 24, 2012, Plaintiff requested a hearing regarding the Application.  On January 2, 2013, the USCIS reaffirmed the decision to deny the Application.

As a result of the above, Plaintiff asserts two claims against Defendants.  First, Plaintiff asserts a claim for a violation of the Immigration and Nationality Act ("INA") and review of the denial of his Application under 8 U.S.C. § 1421(c).  Second he asserts a claim for a violation of the Administrative Procedures Act ("APA").

In response, Defendants filed a motion to dismiss, which the Court granted.  (Doc. No. 21).  With regard to the INA claim, the Court stated:

> Plaintiff acknowledges that on May 18, 2011, his status was changed to that of a lawful permanent resident based on his marriage to a U.S. citizen. Pursuant to 8 U.S.C. § 1186a(a)(1), he obtained permanent resident status on a conditional basis due to his marriage. In order for the conditional nature of his status to be removed, Plaintiff must file a petition to remove the condition within 90 days prior to the second anniversary of his obtaining lawful permanent residency based on his marriage. See 8 U.S.C. § 1186a(c)(1) & (d)(2)(A). Plaintiff has not alleged in his complaint that the condition has been removed, and the Court will not simply assume that it has been removed. . . . [Plaintiff] has not cited any authority that would allow the Court to find that he is eligible for naturalization given his conditional status as a permanent resident based on his marriage. As such, the Court finds that Plaintiff fails to state a claim for a violation of the INA, because he has not alleged that his conditional status has been removed. Therefore, this claim must be dismissed.

(Doc. No. 21). With regard to the APA claim, the Court agreed with Defendants that Plaintiff cannot assert a claim for a violation of the APA, because Plaintiff has an adequate remedy at law under the INA, specifically, review under 8 U.S.C. § 1421(c). (Doc. No. 21).

## II. Motion for Reconsideration

Plaintiff moves for reconsideration of the Court's dismissal order, pursuant to Federal Rule of Civil Procedure 60(b)(1) & (6).[1] The relevant portions of Rule 60(b) provide the following: "On motion and just terms, the court may relieve a party. . . from a final judgment . . . for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; [or] . . . (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). However, in his motion, Plaintiff reasserts the same arguments that he made in response to Defendants' motion to dismiss, which this Court rejects without further comment.

---

[1] Plaintiff also moves for a stay, pursuant to Rule 62, which provides that a court may stay a judgment pending the disposition of a Rule 60 motion. However, because the Court denies Plaintiff's Rule 60 motion, the Court denies Plaintiff's motion to stay.

Plaintiff also argues that his former wife and minor son are adversely affected by this Court's dismissal order.  Specifically, Plaintiff contends that their ability to travel outside the United States is affected, as they may be denied re-entry into the United States.  However, this is not a reason for the Court to vacate its dismissal order that is based on sound legal grounds.

### III.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's Motion for Reconsideration and Stay of Proceedings (Doc. No. 23) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 2nd day of April, 2014.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record